```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
TEXAS LIQUIDS HOLDINGS, LLC, TEXAS LIQUIDS
ACCOMMODATION HOLDINGS, LLC, and TEXAS
LIQUIDS, LLC,

                Plaintiffs,

      -against-                              05 CV 5070 (KMW)
                                             MEMORANDUM OPINION
KEY BANK NATIONAL ASSOCIATION,                   AND ORDER

                Defendant.
---------------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiffs Texas Liquids Holdings, LLC ("Holdings"), Texas Accommodation Holdings, LLC ("Accommodation"), and Texas Liquids, LLC ("Liquids"), (collectively, "Plaintiffs") bring this diversity action against Defendant Key Bank National Association ("Defendant"), alleging: (1) breach of contract; (2) breach of fiduciary duties; (3) breach of the implied covenant of good faith and fair dealing; (4) fraud; and (5) negligence. Defendant has moved to dismiss, arguing that Plaintiffs' Complaint fails to state a claim upon which relief may be granted. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**I.   Background**

The Court assumes the following facts, drawn from the Complaint, to be true for the purposes of this motion to dismiss. See Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999); cert. denied, 528 U.S. 1188 (2000).

Liquids is a national wholesaler and marketer of propane and other liquid energy products.  On August 17, 2000, Defendant signed an $8 million loan agreement (the "Loan Agreement") with Liquids.[1]  On November 21, 2002, Holdings, through its wholly owned subsidiary, Accommodation, acquired Liquids for $1 million.  Accommodation later learned that Liquids's then-President William Connallon ("Connallon") had been diverting Liquids's funds to his personal accounts from about November 2001 through August 2002.[2]  Connallon obtained these funds from Defendant under the terms of the Loan Agreement.  Plaintiffs allege that Defendant, by disbursing funds to Connallon and failing to investigate certain "red flags," breached the Loan Agreement and facilitated Connallon's fraud and embezzlement.

---

[1] The parties later amended the Loan Agreement; the amendments are immaterial to Defendant's Motion to Dismiss.

[2] Defendant, in its reply papers, argues that Plaintiffs knew of Connallon's fraud before Holdings and Accommodation acquired Liquids.  In support of this argument, Defendant submitted a letter that it argues "eviscerates" Plaintiffs' claims.  Because the letter is outside the pleadings, the Court excludes it and decides Defendant's Motion to Dismiss based on the Complaint alone.  Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000).

**II. Analysis**[3]

    **A.  Proper Parties**

Before turning to Defendant's Rule 12(b)(6) arguments, the Court must address Defendant's contention that Holdings and Accommodation lack standing to bring this suit.  Each of Holdings's and Accommodation's claims arise under the Loan Agreement.  Neither Holdings nor Accommodation, however, signed the Loan Agreement.  Defendant is therefore correct that Holdings and Accommodation lack standing to argue that the Loan Agreement has been breached.  See Capital Nat'l Bank of N.Y. v. McDonald's Corp., 625 F. Supp. 874, 883 (S.D.N.Y. 1986) ("Contract remedies exist to give injured parties the benefit of their bargain.  Absent a contractual relationship there can be no contractual remedy.").  Because Holdings and Accommodation lack standing, their claims against Defendant are dismissed.

    **B.  Defendant's Motion to Dismiss**

        **1.  Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the

---

[3] The parties have properly invoked this Court's subject matter jurisdiction, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The Loan Agreement specifies that any disputes shall be resolved under New York law and in the Southern District of New York.  Compl. ¶ 8.

plaintiff's favor."  Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "A complaint may not be dismissed under the Rule unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts" entitling her to relief.  Id. at 250 (internal quotation marks omitted).  The Court may consider materials outside the record that Liquids relied upon in drafting the Complaint or that are integral to the Complaint if there are no disputes as to the authenticity, accuracy and relevance of such materials.  Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

Defendant argues that Plaintiffs' Complaint fails to state a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, and negligence.  Because the Complaint fails to allege any duty beyond a generic "contractual duty," and because its breach of contract claim is fatally deficient, the Court concludes that the Complaint fails to state a claim.

### 2.   Contract Claims

Count I of Liquids's Complaint -- its breach of contract claim -- fails because it alleges no obligation arising under the Loan Agreement that Defendant has failed to honor.  To state a claim for breach of contract, New York law requires that a plaintiff allege: (1) the existence of an agreement between the plaintiff and defendant; (2) due performance of the contract by

4

the plaintiff; (3) breach of the contract by the defendant; and (4) damages resulting from the breach. Command Cinema Corp. v. VCA Labs, Inc., 464 F. Supp. 2d 191, 198 (S.D.N.Y. 2006) (citing Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000)).

Liquids has made no effort to allege the elements of breach of contract. The Complaint, in fact, barely mentions that a contract exists; it never names the Loan Agreement underlying Liquids's claims, nor does it quote or explain which of the provisions Defendant allegedly breached. Instead, the Complaint focuses on Connallon's activities and makes brief and conclusory statements that Defendant "breached its contractual duty." Compl. ¶ 21. These statements are insufficient to state a claim for breach of contract. Count I of the Complaint is therefore dismissed.

Count III of Liquids's Complaint -- its claim for breach of good faith and fair dealing -- is similarly deficient. Under New York law, the covenant of good faith and fair dealing is implicit in every contract. 511 W. 232nd Owners Corp. v. Jennifer Realty Corp., 773 N.E.2d 496, 500 (N.Y. 2002). "The boundaries set by the duty of good faith are generally defined by the parties' intent and reasonable expectations in entering the contract." Cross & Cross Props. Ltd. v. Everett Allied Co., 886 F.2d 497, 502 (2d Cir. 1989); Dalton v. Educ. Testing Serv., 663 N.E.2d 284, 292 (N.Y. 1995).

Here, Liquids fails to allege that Defendant acted contrary to expectations implied by any provision in the Loan Agreement. Count III alleges no new facts but instead refers to the Complaint's conclusory allegations that Defendant breached an unspecified contractual duty. Count III is, therefore, an attempted substitute for its nonviable contractual claim. Murphy v. Am. Home Prods. Corp., 448 N.E.2d 86, 91 (N.Y. 1983). Because Count III is duplicative of Liquids's breach of contract claim and fails to state a claim for breach of the implied covenant of good faith and fair dealing, it is dismissed.[4]

### 3. Breach of Fiduciary Duty

Liquids has alleged no facts to support Count II's contention that Defendant owes it a fiduciary duty. "Under New York law, a fiduciary duty arises when one has reposed trust or confidence in the integrity or fidelity of another who thereby gains a resulting superiority of influence over the first, or when one assumes control and responsibility over another." Reuben H. Donnelly Corp., 893 F. Supp. 285, 289 (S.D.N.Y. 1995); see also Muller-Paisner v. TIAA, 446 F. Supp. 2d 227, 229-30 (S.D.N.Y. 2006). A conventional business relationship, including that between borrowers and lenders, does not ordinarily create a

---

[4] Because Liquids's contract claims fail, there is no need to address Defendant's argument that the damages Liquids seeks are improper.

fiduciary relationship.[5]  Id.; Village on Canon v. Bankers Trust Co., 920 F. Supp. 520, 532 (S.D.N.Y.  1996).

Nothing in Liquids's Complaint supports its summary contention that Defendant owes it a fiduciary duty.  Count II therefore fails to state a claim for breach of fiduciary duty and is dismissed.

### 4. Fraud

Count Four of Liquids's Complaint fails to allege a claim for aiding and abetting fraud that is sufficiently distinct from its breach of contract claim.  Under New York law, a breach of contract claim cannot be converted into a fraud claim absent a finding that a defendant breached a duty of reasonable care distinct from its contractual duties.  E.g., Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 19-20 (2d Cir. 1996).  Here, the Complaint fails to allege that Defendant owed Liquids a duty separate from its alleged duties under the Loan Agreement; the Complaint is therefore dismissed.  Because the Complaint fails to state a claim for aiding and abetting a fraud, the Court need not consider whether Count IV complies with Rule 9(b) of the Federal Rules of Civil Procedure.

---

[5] A claimant may plead that the relationship is fiduciary in nature because of the particular circumstances of the case. Liquids has not done so here, and New York courts are not sympathetic to these types of claims.  See, e.g., Village on Canon v. Bankers Trust Co., 920 F. Supp. 520, 532 (S.D.N.Y. 1996); Chase Manhattan Bank, N.A. v. Keystone Distributors, Inc., 873 F. Supp. 808, 816 (S.D.N.Y. 1994).

### 5.  Negligence[6]

Liquids's failure to allege that Defendant owed it a duty of care separate from its contractual duties is fatal to its claim for negligence.  To state a claim for negligence under New York law, Liquids must allege: (1) existence of a duty owed by Defendant to Liquids; (2) breach of that duty; and (3) that the breach was the proximate cause of Liquids's injury.  <u>Alfaro v. Wal-Mart Stores, Inc.</u>, 210 F.3d 111, 114 (2d Cir. 2000); <u>Muller-Paisner</u>, 446 F. Supp.2d at 232.  A breach of contract claim cannot be converted into a negligence claim absent a finding that a defendant breached a duty of reasonable care distinct from its contractual duties.  <u>N.Y.U. v. Continental Ins. Co.</u>, 662 N.E.2d 763, 767-68 (N.Y. 1995).  In light of Count V's failure to allege that Defendant owes any duty to Liquids aside from a "contractual duty", it too is dismissed.[7]

---

[6] Liquids's opposition to Defendant's Motion to Dismiss argues that its Complaint alleges facts sufficient to support a claim of negligent misrepresentation.  Liquids's Complaint, however, alleges only, and insufficiently, that Defendant was negligent, not that Defendant made a negligent misrepresentation. Because Liquids's Complaint does not allege negligent misrepresentation, the Court will not now consider that contention.  <u>See</u>, <u>Southwick Clothing LLC v. GFT (USA) Corp.</u>, 2004 WL 2914093, *6, 2004 U.S. Dist. LEXIS 25336, at *20-21 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and hence such new allegations and claims should not be considered in resolving the motion.").

[7] Liquids, in its opposition papers, asserts that the basis for this lawsuit is lender liability.  Pl.'s Mem. of Law, 6-7. This convoluted argument, which Liquids did not assert in its

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's motion to dismiss [6]. The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated:  New York, New York
        March 2⁷, 2007

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

Complaint, is belied by the arms-length lender-borrower relationship between the parties, as evidenced in the Loan Agreement. The authority Liquids cites in support of this argument, including Wight v. BankAmerica Corp., 219 F.3d 79 (2d Cir. 2000), is not pertinent. Argument that Defendant's allegedly wrongful behavior is akin to that in Wight cannot save Liquids's Complaint because, as explained above, the Complaint is devoid of facts to support its summary allegation that Defendant breached a "contractual duty" it owed to Liquids.